# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIKKI RAE SIBBETT,<br><br>  Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. 12cv5070-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 18 and 20. Attorney Randy J. Fair represents plaintiff (Sibbett). Special Assistant United States Attorney Franco L. Becia represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 20.

## JURISDICTION

Sibbett protectively applied for disability insurance benefits (DIB) on April 16, 2009, alleging an amended onset date of November 30, 2007 (Tr. 125-28). The claim was denied initially and on reconsideration (Tr. 83-88, 93-94). This is her

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 1

second application (Tr. 171).

Administrative Law Judge (ALJ) James W. Sherry held a hearing January 12, 2011. Sibbett, represented by counsel, and a vocational expert testified (Tr. 49-79). On February 11, 2011, the ALJ issued an unfavorable decision (Tr. 25-35). The Appeals Council denied review April 10, 2012 (Tr. 1-6), making the ALJ's decision final. On May 31, 2012 Sibbett filed this appeal pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 5.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Sibbett was 41 years old on her last insured date and 43 at the hearing (Tr. 34, 55). She earned a GED and became a certified nursing assistant (CNA) (Tr. 58, 151-52). Sibbett worked as a CNA for fifteen years, before she hurt her back on the job in 2003. She underwent back surgery in September 2005, and was insured through December 31, 2008 (Tr. 70, 145-46, 171, 175, 322-23). Sibbett testified she is able to walk for 15-20 minutes, and cannot lift more than ten pounds.

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical

or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude

substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 4

1 plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 5

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Sherry found Sibbett met the insured status requirements of the Act and was insured through December 31, 2008 (Tr. 25, 27). At the hearing Sibbett amended the alleged onset date to November 30, 2007 (Tr. 55-57). At step one the ALJ found Sibbett worked after onset but at less than SGA levels (Tr. 27). At steps two and three, he found Sibbett suffers from lumbar degenerative disc disease, obesity, bipolar disorder, post-traumatic stress disorder (PTSD) and poly substance abuse, impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 27- 28). The ALJ found Sibbett less than credible (Tr. 31). He

found she is able to perform a range of light work (Tr. 30-31). At step four, relying on the VE, the ALJ found Sibbett is unable to perform her past relevant work (Tr. 34). At step five, again relying on the VE, the ALJ found Sibbett can perform other jobs, such as mail clerk, agriculture produce sorter and retail marker. Accordingly, the ALJ found Sibbett is not disabled as defined by the Act (Tr. 35).

## ISSUES

Sibbett alleges the ALJ erred when weighing the evidence, finding she does not meet a Listing and finding she is able to perform a range of light work. ECF No. 19 at 2-10. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error, and asks the court to affirm. ECF No. 21 at 5, 16, 19.

## DISCUSSION

*A. Credibility*

Sibbett alleges, albeit vaguely, the ALJ's credibility assessment is not properly supported. ECF No. 19 at 7, 9. When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 7

and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ notes Sibbett's activities of daily living, work activity and medical records all suggest greater functional capacity than her testimony indicates (Tr. 33).

The ALJ relied on the August 2009 opinion of treating doctor Robert Waring, M.D. Dr. Waring released Sibbett to a modified work position, with limited bending and twisting, and lifting restricted to 20 pounds (Tr. 32, 840-41). The ALJ relied on the September 11, 2009 lumbar MRI showing stable changes at the operated [in November 2005, Tr. 322-23] L4-5 level without recurrence of disc herniation or abnormal enhancement. The results were also negative for significant central or lateral stenosis (Tr. 32, 845-46). In a February 2010 letter, Dr. Waring opined the claimant had been capable of performing light work (Tr. 891).

The ALJ notes Dr. Waring's opinion is consistent with that of examining doctor James Kopp, M.D. Dr. Kopp opined in 2010 no further treatment was likely to be curative. Sibbett took no prescribed medication. She had been told to lose weight and quit smoking before surgery could be performed, but had not done so. Like Dr. Waring, Dr. Kopp notes the September 2009 MRI is negative for any significant central or lateral stenosis (Tr. 32-33, 890-91).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 8

1  There is very little evidence of Sibbett's daily activities during the relevant 2 time frame of November 30, 2007 through December 31, 2008. Activities before 3 onset included getting her daughter up for school, driving and shopping two hours 4 once per month  (9/2005) (Tr. 159-61)(a month post surgery). On September 29, 5 2005, Sibbett reports she walks a mile a day (Tr. 375). By October 18, 2005, she is 6 walking three miles a day (Tr. 414). After onset, Sibbett lives alone. She emails, 7 runs errands, prepares meals, drives, and shops. She  socializes by phone, computer 8 or in person, and watches movies with others. She reports she can lift 20 pounds and 9 walk 30-45 minutes (5/2009)(Tr. 207-212).

10  The ALJ is correct that objective test results are inconsistent with claimed 11 limitations. Although lack of supporting medical evidence cannot form the sole basis 12 for discounting pain testimony, it is a factor the ALJ can consider when analyzing 13 credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). An ALJ may 14 properly consider subjective complaints contradicted by medical records and by 15 daily activities when assessing credibility. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 16 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th 17 Cir. 2002). An inadequately explained lack of compliance with medical treatment 18 may correctly be considered by the ALJ. *Burch,* 400 F.3d at 680. Evidence of 19 conservative treatment is sufficient to discount a claimant's testimony regarding the 20 severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

Sibbett alleges because some treatment providers described her as "straightforward," the ALJ should have found her credible. She is mistaken. Credibility is solely within the ALJ's province, and other providers note she seemed to over-report. A provider notes he is unsure "of the accuracy of the story" (8/2003)(Tr. 458). Some tests indicate "inconsistent subjective reporting" (3/2004)(Tr. 366). Plaintiff's reaction is noted to be somewhat in excess of the pressure applied (10/2004)(Tr. 434). The credibility ALJ's assessment is supported by the evidence and free of harmful error.

*B. Medical evidence*

Sibbett alleges the ALJ should have accepted the January 2011 opinion of Suteevan Cholitkul, M.D., that she meets Listings 1.04(A) and 1.04(C). She alleges the ALJ seemed to "brush past" and "did not acknowledge" objective findings in 2009, after Sibbett's insurance expired. ECF No. 19 at 3-4, 7, 10. The Commissioner responds that the ALJ's reasons for rejecting this contradicted opinion are specific and legitimate, and Sibbett failed to meet her burden of establishing all of the Listings' criteria. ECF No. 21 at 12-16. The court agrees with the Commissioner.

The ALJ considered the entire record when he found no Listing was met. Contrary to Sibbett's allegation, the ALJ specifically considered the September 2009 MRI (Tr. 32, 845-46). Oddly, Dr. Cholitkul based her opinion on an August 2, 2005 MRI – about six weeks *before* Sibbett's microsurgical diskectomy, and a July 2010 x-ray (Tr. 322-23; 907).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

The ALJ notes Dr. Cholitkul rendered her opinion two years after Sibbett's last insured date. The ALJ also accurately points out that Cholitkul's 2011 opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques. There are no treatment notes. Instead, there is an indication Dr. Cholitkul first saw Sibbett on July 13, 2010 (Tr. 906). This opinion is also inconsistent with other substantial evidence, including the opinion of Dr. Kopp that Sibbett could participate in vocational training and of Dr. Waring that Sibbett is able to perform a range of light work (Tr. 711, 891).

As the Commissioner points out, the opinion of Dr. Waring as a long time treating source is generally entitled to greater weight, as is that of Dr. Kopp, by virtue of his specialty as an orthopedic surgeon and his three different examinations. ECF No. 21 at 10-11, 14. There is no evidence of compromised nerve root or spinal cord (see Listing 1.04 with additional requirements) nor of neurogenic claudication, a requirement for meeting Listing 1.04C. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.04C. The ALJ appropriately gave Kopp and Waring's opinions greater weight.

An ALJ may properly reject any opinion that is brief, conclusory and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Opinions that are internally inconsistent may properly be given less weight. *See Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

1   It bears repeating that the claimant has the burden of producing medical
2   evidence that establishes all the of medical findings contained in the Listings at step
3   three. *See Bowen v. Yuckert*, 482 U.S. 137, 146 and n. 5 (9187). Sibbett failed to do
4   so.

5   There was no error at step three or in weighing the evidence.

6   *C. RFC for range of light work*

7   Sibbett alleges the ALJ's residual functional capacity assessment is in error
8   because she is unable to engage in more than six hours of activity daily. As support
9   she cites Dr. Cholitkul's opinion. ECF No. 19 at 2-5, citing Tr. 897. This unhelpfully
10  restates the allegation that the ALJ failed to properly weigh the evidence. The court
11  has determined there was no error.

12  Sibbett alleges the ALJ found she could only be active for six hours a day and
13  so should have found her disabled. This was not the RFC assessment. Sibbett alleges
14  the ALJ should have weighed the evidence differently, but the ALJ is responsible for
15  reviewing the evidence and resolving conflicts or ambiguities in testimony.
16  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of
17  fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If
18  evidence supports more than one rational interpretation, the Court may not substitute
19  its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v.*
20  *Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 20**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 18, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 1st day of November, 2013.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE